# Banks Agricultural & Transfer Co., use of, etc., v. Joseph H. Masters.

1. RECOUPMENT—*By Tenant When Sued for Rent.*—A tenant can not leave a lot of chattels in premises that he abandons and then sell them to his landlord, through the process of recoupment, when unpaid rent is demanded of him.

**Transcript,** from a justice of the peace.   Writ of error to the Circuit

Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding.
Heard in this court at the March term, 1897. Reversed and remanded.
Opinion filed March 29, 1897.

STEELE & ROBERTS, attorneys for plaintiff in error.

H. B. SPURLOCK, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION
OF THE COURT.

The defendant was the lessee from the plaintiff of a room
furnished with one-horse steam power for light manufact-
uring purposes, and occupied and paid the stipulated rent
therefor for three months. At the end of the third month
(July, 1893), he explained to plaintiff's agent that the novelty
with which he had been experimenting was a failure, and, to
quote from his testimony, "told Mr. Banks (plaintiff's agent),
it was the latter part of July I told him I wished to discon-
tinue the use of his power; but if I could use the room I would
pay for one month longer; that was the month of August.

Q. For one month? A. Yes, that is what I told him,
one month longer. * * * In substance I said to him,
after August, if I could not sell out, all the goods that were
there could be pushed up in the corner, and I would pay
him a little for storage; I told him I wanted them stored;
I had no conversation with him concerning the goods after
that. I never saw him on the premises, that I remember
of; never, probably, after the latter part of July; I was not
around the premises after that."

Defendant had paid rent for the three months preceding
August, and according to his own version, agreed to pay
rent, diminished by the use of the power which, it does not
seem to be disputed, was reckoned at five dollars a month
for the month of August, if he could be permitted to retain
the room for that month.

It is not contended that the defendant did not retain the
room for August under the arrangement made, nor is
it claimed that he ever afterward paid either rent or stor-
age. He, therefore, certainly owed fifteen dollars for that
month.

The plaintiff's claim, as disclosed by the evidence, was for rent for August, September and October, at the rate of fifteen dollars a month, and for November and December, at the rate of seven dollars and a half a month, making a total of sixty dollars, and plaintiff's agent testified that such was the agreement.

The defendant undertook to recoup against the claim of the plaintiff the value of some chattels which he left in the room, and he was allowed to testify, over the objection of plaintiff, that their value aggregated one hundred dollars, and the jury found the issues in his favor, and judgment went accordingly.

Even if we consider no evidence except that furnished by the defendant, the verdict was wrong, and ought not to have been allowed to stand.

His chattels were left by him exactly as they were when he quit work, in a room to which he had the key, that he admits he rented for one month, and he never afterward was around the premises.

Some time in the following year, 1895, when plaintiff presented a bill for the rent, defendant for the first time, afterward, inquired for the goods, and was then told by plaintiff's agent that they had been left in the building when plaintiff moved out.

A tenant may not leave in that way a lot of chattels which the defendant himself named as " stuff," in premises that he abandons, and then sell them to his landlord through the process of recoupment, when unpaid rent is demanded of him.

The plaintiff offered to prove that before it moved out of the premises, it caused a letter to be written by its agent to the defendant, notifying him that it was about to remove, and to give directions concerning his material or it would be left behind at his own risk, but the court refused to admit such evidence. We think such a ruling was error, in view of the evidence by defendant that preceded the offer, but we reverse the judgment upon the broader ground that no case for recoupment or set-off was made by the defendant. Reversed and remanded.